UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIEL A. RESENDEZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MELISSA ANDREWJESKI,<br><br>　　　　　　　Respondent. | NO: 2:23-CV-0089-TOR<br><br>ORDER DISMISSING PETITION |

　　　Petitioner, a *pro se* prisoner at the Coyote Ridge Corrections Center, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  ECF No. 1.

### BACKGROUND

　　　Petitioner explains that he was convicted in the Superior Court in Okanogan County Washington for two counts of first-degree child molestation.  ECF No. 1. Petitioner was sentenced in or about January 2010, to an indeterminate minimum sentence of 102 months and a maximum term of life incarceration.  ECF No. 1 at 17.  Petitioner is now contesting his sentence as a violation of the laws of the United States and Washington State statutes.  ECF No. 1 at 4.

Petitioner filed an untimely personal restraint petition with Division Three Court of Appeals in January 2023. ECF No. 1 at 17. The Chief Judge dismissed his petition as untimely. *Id*. Petitioner then sought review by the Supreme Court of the State of Washington. *Id*. The Supreme Court explained that the only exception for an untimely petition is if the judgment and sentence is facially invalid or was entered without competent jurisdiction, or unless Resendez asserts solely grounds for relief exempt from the time limit under state statutes. *Id*. The Supreme Court denied review because the petition was untimely and the "maximum indeterminate life sentence that Resendez received for his crimes is the sentence required by statute based solely on his guilt for those crimes." *Id*. at 18. "The sentence the superior court imposed is therefore authorized and not in excess of its jurisdiction." *Id*.

## SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, it is abundantly clear that Petitioner is not entitled to federal habeas relief.

ORDER DISMISSING PETITION ~ 2

**SENTENCE DOES NOT VIOLATE U.S. OR WASHINGTON STATUTES**

Petitioner contests his sentence as a violation of the laws of the United States and Washington State statutes.

However, the Supreme Court of Washington explained that the maximum indeterminate life sentence that Resendez received for his crimes is the sentence required by statute based solely on his guilt for those crimes. The Court is required to impose a sentence to a maximum term and a minimum term. RCW 9.94A.507(3)(a) and .507(3)(b). First degree child molestation is a class A felony which carries a statutory maximum of life in prison. RCW 9A.44.083(2) and 9A.20.021(1)(a).

**CONCLUSION**

Accordingly, it plainly appears that Petitioner is not entitled to any relief.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under section 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further."
*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This Court concludes that Petitioner is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or could conclude that any issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1, is **DENIED and DISMISSED with prejudice.**

2. Petitioner's Motion Appoint Counsel, ECF No. 4, is **DENIED**.

3. Petitioner's Motion Pro Se Designation Record, ECF No. 5, is **DENIED**.

4. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is **DENIED**.

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

DATED May 31, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING PETITION ~ 4